UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IVAN RODOLFO FRUTOS ARTEGA,<br><br>　　　　Petitioner,<br><br>v.<br><br>RUBEN LEYVA, Field Office Director of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement; KENNETH PORTER, Acting Director of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; MIKE HOLLINGSHEAD, Sheriff of Elmore County,<br><br>　　　　Respondents. | Case No. 1:26-cv-00236-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Petitioner Ivan Artega's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order (Dkt. 2). The Court expedited briefing on the matters. Dkt. 9. The Government opposes Artega's Petition. Dkt. 11.

Upon review, and for the reasons set forth below, the Court GRANTS Artega's Petition and denies the Motion for Temporary Restraining Order as MOOT.

MEMORANDUM DECISION AND ORDER – 1

## II. BACKGROUND

Artega is a Mexican national who has lived in the United States since his entry without inspection in 2015. Dkt. 1, at 1–2. Artega is engaged to an American citizen and has two American citizen children.

When he first arrived in the United States, Artega (and his family) sought asylum. An immigration judge eventually denied the family's claim and ordered removal in 2017. Artega was never removed, has resided in the United States since that time, and recently reopened his asylum proceedings.

Artega was detained by ICE and is currently being held at the Elmore County Detention Center in Mountain Home, Idaho, pursuant to the Department of Homeland Security's ("DHS") authority.

Artega contends his detention is unlawful because DHS and the Executive Office of Immigration Review have determined he is subject to mandatory detention without the possibility of bond under 8 U.S.C. § 1225(b)(2)(A).

## III. LEGAL STANDARD

The Constitution guarantees every person in the United States due process of law, including persons who are not United States citizens. *E.g.*, *Lopez v. Heinauer*, 332 F.3d 507, 512 (8th Cir. 2003) ("The Supreme Court has long recognized that deportable aliens are entitled to constitutional protections of due process." (citing *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903))); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

MEMORANDUM DECISION AND ORDER – 2

Habeas proceedings provide a forum to challenge the legality of confinement. *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

## IV. ANALYSIS

Artega's Petition represents one of many habeas cases in the District of Idaho. All District Judges in this District agree DHS's position regarding the interplay between 8 U.S.C. §§ 1226(a) and 1225(b)(2), and the associated bond provisions, is erroneous. The Court will not repeat that analysis here as it is well known at this point. The Government has lodged a standing objection to the Court's holding. Dkt. 11, at 2. The objection is noted and overruled.

The Court maintains it's position that DHS has conflated the detention provisions of 8 U.S.C. §§ 1226(a) and 1225(b)(2) and cast too wide a net in its immigration efforts.

Thus, the only question today is the appropriate remedy. Typically, the Court simply releases the petitioner in these situations. Here, however, the Government has asked the Court to consider continued detention so DHS can hold a bond hearing because Artega has a criminal history. The Court will not take this approach for three reasons.

First, granting a habeas petition for unlawful detention only to then deny release is counterintuitive. The Court finds Artega was unconstitutionally detained. Therefore, release is the appropriate option. To be sure, the entire reason the Court has undertaken the approach it has over the prior months—allowing the Government to respond to the Petition rather than outright release of the petitioner—is to ensure it has a full picture of the

individual and can maintain confidence in the judicial system. That system has been working.[1]

Second, the Government's concerns about Artega's dangerousness are overblown. Except for a single non-violent misdemeanor conviction for drug paraphernalia in 2024, the Government's other reasons for detention are drawn from dismissed court proceedings. For example, it appears a civil protective order was entered against Artega in 2021. But that was later terminated. More recently, law enforcement was called to Artega's home after he accidentally discharged a firearm and (separately) got into a physical altercation with another household member. It appears Artega was intoxicated at the time. The charges were later dismissed.

The Court, undoubtedly, wants to ensure the safety of Artega, his family, and the community. But it cannot rely on allegations from dismissed Court proceedings. To do so would be to effectively find Artega guilty without his constitutional right to rebut that presupposition. The Court is also persuaded by the notion that, if the Government truly felt Artega was dangerous, they could have detained him at any point over the last few years. Clearly Artega was known to the Government—he was going through asylum proceedings. He was later arrested, charged, and convicted of a misdemeanor crime. That was documented and known as well. Artega has not been hiding. And yet the Government has

---

[1] In certain instances, upon receiving the Government's response, the Petitioner abandoned his Habeas Petition and voluntarily cooperated with removal proceedings. *See, e.g.,* Case No. 1:26-cv-00181-DCN. Other times, the Government has brought information to the Court's attention which was sufficient to support continued detention and/or a bond hearing. *See, e.g.,* Case No. 1:25-cv-00733-DCN. Still other times, the Court simply ordered release when there was no indication the person was dangerous or would otherwise fail to comply with the law. *See e.g.,* Case No. 1:26-cv-00190-DCN.

MEMORANDUM DECISION AND ORDER – 4

done nothing to prohibit his movements, detain him, or speed up his removal *despite* a prior removal order. Claiming now, as a belated justification for his detention, that he *must* be detained because he is dangerous rings hollow. If the Government feels Artega has broken any immigration laws, they are free to charge him for those crimes and then his detention can be addressed at the federal level.

Third, the efficacy and fairness of bond hearings have recently been called into question in this District and around the country. It appears that many § 1226(a) hearings deny bond as a matter of course. *See, e.g.*, *Garcia Ortiz v. Henkey*, 1:26-cv-00043-BLW, Dkt. 28 at 10 (D. Idaho, 2026) ("All told, it is clear that Petitioner did not receive an individualized hearing in accordance with this Court's Order . . . . This 'rubber-stamp' denial is a violation of due process and of this Court's Previous Order."); *Singh v. Valdez*, 26-cv-1109-WJM, Dkt. 11 at 9-11 (D. Colorado, 2026) ("Singh argues that a bond hearing before an IJ is an inadequate remedy because it is unlikely to be a fair one . . . the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore.").

In short, the Court finds Artega should be released outright. This case presents a *slightly* closer call than others before the Court because Artega has *some* criminal history. That said, it is a far cry from a situation in which a bond hearing or continued detention is necessary–particularly against the backdrop of the unconstitutional detention in the first instance and the Government's ability, but ambivalence, concerning detention until recently.

**MEMORANDUM DECISION AND ORDER – 5**

Accordingly, the Court grants Artega's petition for habeas corpus relief and orders his immediate release from custody.

## V. ORDER

1. Artega's Petition for Writ of Habeas Corpus (Dkt. 1) is GRANTED.

2. Artega's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

DATED: May 11, 2026

David C. Nye
U.S. District Court Judge